# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

**UNITED STATES OF AMERICA**

v.                                                                                   Cr. No. 04-149-01-SM

**GREGG HOUSH**

## GOVERNMENT'S USSG 5K1.1 MOTION FOR DEPARTURE

Consistent with its obligation under the Plea Agreement, the government respectfully requests that pursuant to Section 5K1.1 of the United States Sentencing Guidelines this Court depart downward 2 levels from the final adjusted offense level as found by the Court. In support, the government asserts the following:

Pursuant to an agreement between the defendant and the U.S. Attorney's Office for the District of New Hampshire, the defendant agreed to be debriefed by the FBI, to cooperate with the FBI in its ongoing related investigations and to plead guilty in New Hampshire. The defendant has been debriefed by Agents of the FBI on multiple occasions.

In applying the five factors set fort in Section 5K1.1 of the Guidelines: (1) significance and usefulness of assistance; (2) truthfulness, completeness, and reliability; (3) nature and extent; (4) injury suffered or risk thereof; and (5) timeliness, the government asserts the following.

As to factor (1), his cooperation has been significant and useful. On the first day he was approached by the FBI he completely admitted his involvement in the offense. Specifically, Mr. Housh provided detailed information concerning his illegal dealings, which involved his actions as a courier of illegal copyright protected software from one warez site to many others. Because he was a courier, and as such had factual information related to numerous others involved in

software piracy, he was in a position to provide testimony against many targets; namely the owners and operators of warez sites which received software through him, or through the courier programs he wrote and authorized. Consequently, having his cooperation was leverage that was used, among many other factors, in obtaining pleas of guilty by others who owned or operated warez sites.

As to factor (2) the record with Mr. Housh is not clear. He initially cooperated with the FBI in Chicago, with an agreement that he would ultimately plead guilty in New Hampshire. That cooperation was somewhat useful to the FBI in Chicago but was ultimately terminated and it did not give rise to substantial assistance.

Having said that, his availability to the government in New Hampshire as a witness had already been of substantial assistance to the government in New Hampshire, as noted above. And it was believed that he still was of value in other ongoing criminal investigations in this District. However, that potential additional substantial assistance has not come to fruition and no further cooperation is anticipated.

As to factor (3), nature and extent of his cooperation is set out above.

Factor (4) is inapplicable due to the nature of the crime and individuals involved.

As to factor (5), Mr. Housh agreed to cooperate upon the request being made.

WHEREFORE, the undersigned respectfully requests that the Court grant this Motion for Downward Departure and depart down 2 levels from the final adjusted offense level as found by the Court.

November 23, 2005

                                                     Respectfully submitted,

                                                     THOMAS P. COLANTUONO
                                                     United States Attorney

                                      By: /s/ Arnold H. Huftalen
                                                 Arnold H. Huftalen
                                                 Assistant U.S. Attorney
                                                 NH Bar # 1215
                                                 55 Pleasant St.
                                                 Concord, NH 03301
                                                 (603) 225-1552
                                                 arnold.huftalen@usdoj.gov

### Certificate of Service

I certify that a copy of this Motion has been forwarded to defense counsel Jeff Levin and to USPO Cathy Battistelli.

### Memorandum of Law

Whereas the relief sought is within the sound discretion of the Court, a Supporting Memorandum of Law is not required nor filed herewith.

                                                       /s/ Arnold H. Huftalen
                                                       Arnold H. Huftalen, AUSA