UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v. ] | Cr. No. 04-149-01-SM |
| ] | |
| GREGG D. HOUSH ] | |

**MOTION FOR *BOOKER* VARIANCE**

The defendant, Gregg Housh, through counsel, Jeffrey S. Levin, Assistant Federal Public Defender, files this motion in support of a sentence below the range which would result from application of the federal sentencing guidelines, pursuant to 18 U.S.C. § 3553 and the Supreme Court's decision in United States v. Booker and United States v. Fanfan, 125 S. Ct. 738 (2005). Mr. Housh additionally, or in the alternative, moves this Court for a downward departure pursuant to U.S.S.G.§ 5K2.20 (Aberrant Behavior).

Specifically, Mr. Housh requests that this Court sentence him to two years of probation with six months of home confinement.

As grounds, Mr. Housh requests that this Court, in sentencing him, consider the following: that he has no prior criminal record; that his cooperation in this case stretches back four years to December 2001; that he has an excellent employment record and supports his 6-year old daughter Amanda; that his involvement in the offense was aberrant behavior which represents a marked deviation from a law-abiding life; and that the recommended sentence is consistent with other similarly situated defendants in this case.

In support Mr. Housh shows as follows:

1

**I.     Introduction**

1.     On June 24, 2005, the defendant, Gregg D. Housh, waived indictment and pled guilty to one count of Conspiracy to Violate Copyright Laws, in violation of 18 U.S.C. § 371, 18 U.S.C. § 2319(b), and 17 U.S.C. § 506(a)(1).  A sentencing hearing has been scheduled for November 28, 2005.  *PSR ¶1.*

**II.    Presentence investigation report & Advisory Guideline Sentencing Range**

2.     Mr. Housh has zero criminal history points, establishing a criminal history category (CHC) of I.  *PSR ¶35.*  The presentence investigation report (PSR) establishes a base offense level (BOL) of 8, with a 7-level increase because the infringement amount is between $120,000.00 and $200,000.00, pursuant to U.S.S.G.§ 2B5.3(b)(1); another 2-level increase because the offense involved the uploading of infringing items, pursuant to U.S.S.G.§ 2B5.3(b)(2); and a 2-level minor role reduction pursuant to U.S.S.G.§ 3B1.2(b) .  *PSR ¶¶22-26.*  This yields an adjusted offense level of 15, for a total offense level (TOL) of 13 after 2 levels are subtracted for acceptance of responsibility pursuant to U.S.S.G.§ 3E1.1(a).  *PSR ¶¶28-32.*  The advisory guideline sentencing range (GSR) at CHC I, TOL 13 is 12 to 18 months incarceration in the Bureau of Prisons.  *PSR ¶52.*

3.     The government has filed a motion for a 2-level downward departure pursuant to U.S.S.G.§ 5K1.1, which if granted by the Court would yield an advisory GSR of 8 to 14 months (Zone C).

**III.   Motion for Booker Variance**

4.     Mr. Housh moves this Court for a variance from the advisory federal sentencing guidelines, and requests that, pursuant to the Supreme Court's holding in United States v. Booker

and United States v. Fanfan, 125 S. Ct. 738 (2005), he be sentenced in light of the various sentencing factors contained in 18 U.S.C. § 3553.[1]

5. Specifically, Mr. Housh requests that this Court sentence him to two years of probation, with a specific condition that he serve six months of that probationary period on home detention.

6. Mr. Housh requests that this Court consider the following factors as support for his motion for a Booker variance in this case.

A. **The Nature and Circumstances of the Offense**

7. The Court is directed to the PSR for the offense conduct facts. *PSR ¶¶ 4-17*. Mr. Housh wishes to point out several mitigating factors with regard to his offense conduct in this case. First, unlike other defendants in this case, Mr. Housh was not using his employer's

---

[1] The sentencing factors which Booker/Fanfan require the district courts to consider include:
(1) the nature and circumstances of the offense and the history and
    characteristics of the defendant [§ 3553(a)(1)];
(2) the need for the sentence imposed-
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to
        provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical
        care, or other correctional treatment in the most effective manner;
    [§ 3553(a)(2)]
(3) the kinds of sentences available [§3553(a)(3)];
(4) the guidelines and policy statements issued by the Sentencing
    Commission, including the (now non-mandatory) guideline range
    [§3553(a)(4) & (a)(5)];
(5) the need to avoid unwarranted sentencing disparity among
    defendants with similar records that have been found guilty of
    similar conduct [§ 3553(a)(6)]; and
(5) the need to provide restitution to any victims of the offense(s) [§ 3553(a)(7)].

3

computer or bandwidth to commit this offense, or of "cracking" computer code himself; rather, he is alleged to have created a computer program which ran automatically to search for new software and add it to the SG server. *PSR ¶¶ 4-15, 16.* Second, Mr. Housh did not profit from this offense. *PSR ¶ 17.*

      **B.**      **The History and Characteristics of the Defendant**

      8.      Mr. Housh is a 29 year old man who was mainly raised in Dallas, Texas, and its environs. *PSR ¶38.* His early family life was fractured when his father left the family home when Mr. Housh was four years old. *Id.* Mr. Housh's father, who apparently suffers from kidney cancer, disappeared with the defendant's money several years ago and hasn't been heard from since. *Id.* Mr. Housh's mother, who has remarried, is a housecleaner in the Dallas area who also cares for a 30-year-old daughter with cerebral palsy. *PSR ¶¶38-39.*

      9.      Mr. Housh withdrew from high school in the 10th grade and subsequently earned his GED. *PSR ¶46.* Nevertheless, due in large part to his computer skills, he has been able to support himself designing software and repairing home personal computers. *PSR ¶¶47-50.* He is a hard worker and helps to support his 6-year-old daughter, Amanda. *PSR ¶¶41, 50.* Mr. Housh's current employer has apparently indicated that it will keep him on as a computer technician despite this conviction.

      10.      Mr. Housh has no prior criminal record, *PSR ¶35*, no substance abuse issues, *PSR ¶45*, and no mental health issues, *PSR ¶44.* There is no indication that he is a risk to reoffend. In fact, Mr. Housh has not been in trouble of any sort for the past four years, since he was first approached by the FBI in connection with this case in December 2001.

    **C.**    **The Need for the Sentence Imposed to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner**

11.    Mr. Housh does not require substance abuse counseling, medical care, mental health treatment, or educational or vocational training. He is productive and self-supporting and, based on his record over the past four years, is not in need of any type of correctional treatment

    **D.**    **The Kinds of Sentences Available**, **and the Sentencing Guidelines and Policy Statements Issued by the Sentencing Commission, Including the Advisory Guideline Sentencing Range**

12.    The instant offense is a Class D felony for which the maximum term of imprisonment is five years, pursuant to 18 U.S.C. § 875(c). There is no minimum term of imprisonment. *PSR ¶51*. Additionally, the Court may impose a term of supervised release of up to three years, but again it is not a requirement. *PSR ¶54*.

13.    The plea agreement in this case does not preclude Mr. Housh from moving the Court for a downward departure. It is noted in the PSR that the advisory sentencing guidelines do recognize aberrant behavior as a mitigating circumstance and potential ground for downward departure, pursuant to U.S.S.G.§ 5K2.20. *PSR ¶64*.

14.    U.S.S.G.§ 5K2.20 states that a downward departure may be warranted if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life. U.S.S.G.§ 5K2.20.

15.    Application Note 3 to U.S.S.G.§ 5K2.20 states that "[in] determining whether the court should depart under this policy statement, the court may consider the defendant's (A) mental and emotional conditions; (B) employment record; (C) record of prior good works; (D)

motivation for committing the offense; and (E) efforts to mitigate the effects of the offense." *See* Application Note 3, U.S.S.G.§ 5K2.20.

16. The offense in this case does not involve repetitive acts by Mr. Housh; he designed one computer script that carried out certain functions, but did not commit repetitious or significant planned behavior to carry out the offense. The PSR does not indicate the duration of the offense, but the information alleges that the conspiracy was in effect for five months, from April 2001 through August 2001. Mr. Housh's conduct in this case represents a marked deviation from an otherwise law-abiding life, as evidenced by his solid work history and clean criminal record. The Court may also consider that Mr. Housh was not motivated by greed in committing this offense and that he did endeavor, for four years, to mitigate the effects of the offense, through his cooperation with the FBI.

    **E.**    **The Need to Avoid Unwarranted Sentencing Disparity Among Defendants with Similar Records That Have Been Found Guilty of Similar Conduct**

17. It should be noted that of the seven other defendants in related cases listed at PSR ¶3, at least two were sentenced to terms of probation. One of those two, Joshua Crane, had the same GSR as Mr. Housh (12 to 18 months at CHC I, TOL 13). It should also be noted that many of the other defendants in this case illegally utilized their employer's computers to commit their offense (*e.g.* Jordan Zielin ran a Warez site at the Bank of Boston, Joshua Crane ran a Warez site at Quest Communications, David Foresman and Kenneth Woods ran a site at Verio Data Center).

**IV.**    **Conclusion**

18. Mr. Housh moves this Court for a <u>Booker</u> variance below the advisory guideline range, based on the aforementioned facts and circumstances. Mr. Housh asks this Court to

impose a sentence of two years of probation with six months of home detention. This sentence is sufficient but not greater than necessary to accomplish the punitive goals of punishment while also addressing the mitigating issues present in the case.

19. No supporting memorandum accompanies this motion because the authorities are contained herein.

20. The government has indicated through its counsel that it will recommend a sentence at CHC I, TOL 11, between 8 and 14 months, so it is assumed that it does object to the relief requested herein.

**V.     Request for Relief**

Wherefore, the defendant, Gregg D. Housh, through counsel, respectfully requests that this Honorable Court grant the requested relief and grant such other relief as may be deemed just and equitable.

Respectfully submitted,

/s/Jeffrey S. Levin
Jeffrey S. Levin (NHBA # 12901)
Assistant Federal Defender
Federal Defender Office
22 Bridge Street
Concord, NH 03301
(603) 226-7360
Jeff_Levin@fd.org

**Certificate of Service**

I, Jeffrey S. Levin, hereby certify that on November 23, 2005, a copy of the above document was caused to be served to the office of AUSA Arnold Huftalen by electronic filing method. A copy was also hand-delivered to USPO Cathy Battistelli.

/s/Jeffrey S. Levin
Jeffrey S. Levin